WALKER and CONNOR, JJ., dissenting.
Judgment for defendants. Plaintiffs appealed.
The facts sufficiently appear in the opinion.
Action to remove cloud on title and for damages for trespass in cutting timber, and asking an injunction. The defendants plead seizin and title in themselves. The plaintiffs claim under a grant issued in 1796 and a chain of title from that source. The defendants J. W. Higgins and I. R. Love claim under a grant to themselves, 3 February, 1891, and continuous adverse possession thereunder for seven years, by building houses thereon and cutting timber, and also by tenants occupying the houses and cultivating land. (416)
The court instructed the jury, at plaintiff's request, that the cutting of timber from time to time would not constitute possession to ripen title, and that the statute would not bar minors and those under the disability of coverture. This action was begun 5 January, 1906 — less than seven years after the repeal or the suspension of the statute as to married women (ch. 78, Laws 1899). Besides, the defendants are not appealing.
The court properly refused the plaintiffs' prayer, "that, according to the undisputed evidence, . . . the defendant Love has been a resident of the State of Tennessee (ever since the grant issued to defendants), and, therefore, the statute of limitations has never run against the plaintiffs in favor of the defendant Love, and he is not the owner of any land mentioned in the answer." The burden was on the plaintiffs to attack the grant for anything not appearing upon its face. Dosh v. Lumber Co.,128 N.C. 87. The only evidence of Love's nonresidence is his own evidence that he lives now in Tennessee, and that when he came over to cut he has stayed on the land several months at a time and gotten timber. He testifies to having houses built and his keeping them continuously rented, and says that for the past ten, twelve, or fifteen years he has used the land as his own, and for the only purpose it is good for; that he has had tenants on the land continuously for ten years, etc. There is no "undisputed evidence" that Love was a *Page 304 
"non-resident" at the time when the grant issued in 1891, and the court could not so charge. Besides, there is no evidence whatever that Higgins is a nonresident, and the possession of one tenant in common is the possession of both. Tenants put there by Love held possession equally for Higgins. Furthermore, the evidence, if believed, is that from 1891 there has been an unbroken succession of tenants living on the land. The plaintiffs could have taken action to turn these out, whether (417) Love was a resident or not, and his claim of adverse possession could not have ripened into title. The grant of 1891, if covered by the grant of 1796, conveyed no title, but it was color of title, and the title being out of the State by plaintiff's grant (Gilchrist v.Middleton, 107 N.C. 679), the seven years notorious, open, and adverse possession by the defendants ripened their color of title, except as to those of plaintiffs protected by coverture or infancy. Asbury v. Fair,111 N.C. 251.
The defendants cannot be deprived of the protection of adverse possession and statute of limitation by the plaintiffs simply styling the proceeding an action to remove a cloud on title.
Revisal, sec. 1699, providing that a junior grant shall not be color of title so far as it covers land previously granted, applies, by the terms of that section, only to grants issued since 6 March, 1893. The defendants' grant was issued 3 February, 1891.
No error.